# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ALPENA ALCONA AREA CREDIT UNION,

    Plaintiff,

v.

JEAN DOLSEN SCHOOK,

    Defendant.
_____/

CASE NO. 10-CV-12537

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **REMANDED** to state court because this Court lacks subject matter jurisdiction.

### II. REPORT

This case was removed by Defendant Jean Dolsen Schook, who is proceeding *pro se*, to this Court on June 25, 2010, pursuant to 28 U.S.C. § 1441. The case was originally brought in Michigan's 88th Judicial District Court. In the original state-court complaint, Plaintiff Alpena Alcona Area Credit Union alleged that Defendant Schook was "wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale" in violation of Michigan law. (Doc. 1 at 6.) On June 8, 2010, Judge Theodore O. Johnson of Michigan's 88th judicial district issued a judgment against Defendant Schook and an order for eviction was issued on June 18, 2010. (Doc. 4 at 1.) One week later, Defendant Schook removed the case to this Court.

After removing the case, Defendant Schook filed a document entitled Affidavit of Specific Negative Averment, Opportunity to Cure and Counterclaim, wherein she asserted millions of dollars in so-called counterclaims "in admiralty" against several named third party plaintiffs. (Doc. 2.)

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. If a matter over which this Court lacks subject matter jurisdiction is removed to this Court, "the case shall be remanded . . . . The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The documents submitted in this matter reveal that the removed action does not include any claims that arise under federal laws or treaties and the litigants are all citizens of Michigan. Pursuant to this Court's independent duty to determine whether it has jurisdiction to hear a case, Defendant Schook was ordered to show cause in writing by

2

August 16, 2010, why the case should not be remanded to the state court for lack of subject matter jurisdiction. Defendant Schook did not respond to the order to show cause.

Accordingly, there being no grounds for federal jurisdiction in this matter, I suggest that the case be remanded to state court for all further proceedings. I further suggest that since this Court never obtained jurisdiction over this matter, the counterclaims Defendant Schook attempted to bring forward are void. *See Kiesgen v. St. Clair Marine Salvage, Inc.*, ___ F. Supp. 2d ___, 2010 WL 2740165, at *7 (E.D. Mich. July 12, 2010) (citing *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1087 (6th Cir. 1992)).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: September 15, 2010 | United States Magistrate Judge |

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Daniel White and Michael Burwell, and served by first class mail on Jean Dolsen Schook at 17910 Haydish Rd., Hillman, MI, 49746-7909.

| Date: September 15, 2010 | By  s/*Jean L. Broucek* |
|---|---|
|  | Case Manager to Magistrate Judge Binder |